USA v. Shelzi                    CR-93-020-M    12/18/96

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America

        v.                              Criminal No. 93-20-1-M

John Shelzi

**O R D E R**

Petitioner, John Shelzi, moves for resentencing (document no. 203) under the provisions of 18 U.S.C. § 3582(c)(2) (which he does not wish to be construed as a motion under 18 U.S.C. § 2255).  The government has responded (document no. 204).

Petitioner's motion is based upon Amendment 516 to the United States Sentencing Guidelines, effective on November 1, 1995, which retroactively amended U.S.S.G. § 2D1.1(c).  The amendment changed the equivalency from one marijuana plant = one kilogram of marijuana, applicable to offenses involving 50 or more marijuana plants, to the same equivalency used for offenses involving fewer than 50 plants, i.e. one plant = 100 grams of marijuana.  Recognizing that marijuana plants simply do not produce one kilogram of marijuana, the Sentencing Commission adopted the equivalency of 100 grams per marijuana plant for <u>all guideline determinations</u>, in order "to enhance fairness and consistency."  U.S.S.G. App. C, Amendment 516.

The retroactive change does not affect Shelzi, however, for two reasons.  First, even redetermining the applicable guideline range in his case using the new equivalency amounts, the

guideline range for imprisonment is 60 to 71 months (total offense level 25 and criminal history category I). Although the United States Probation Office recalculated Shelzi's guideline range in light of Amendment 516 as 57 to 71 months, that calculation is not entirely correct given U.S.S.G. § 5G1.1(c), which provides that sentence may be imposed under the guidelines

> at any point within the applicable guideline range, provided that the sentence --
>
>       \*    \*    \*
>
>     (2) is not less than any statutorily required minimum sentence.

Because Shelzi's marijuana related offense involved more than 100 plants, he is subject to a 5 year (60 month) mandatory minimum period of imprisonment under the provisions of 21 U.S.C. § 841(b)(1)(B)(vii) and (viii). So, applying § 5G1.1(c), the guideline range cannot fall below 60 months, and is, therefore, 60 to 71 months. Shelzi was sentenced to imprisonment for 60 months, and upon resentencing the least amount of imposable time under the applicable guideline range would be precisely the same as his current sentence, 60 months. Therefore, resentencing would not reduce the duration of Shelzi's incarceration.

The second reason Shelzi's sentence is unaffected by Amendment 516 is peculiar to his case and relates to an argument fairly implied but not expressly made in his motion. Shelzi

executed a written plea agreement with the government which the court construed, based upon its terms and the prosecutor's statements during the plea colloquy, as one for a specific sentence under (Fed. R. Crim. P.) 11(e)(1)(c). The disposition under the agreement was imprisonment at the low end of the applicable guideline range (originally 108 months, but 60 months after retroactively applying Amendment 516) or the applicable statutory mandatory minimum (60 months), whichever is lower.

Because the court deemed imprisonment for 60 months (the mandatory minimum) reasonable under the circumstances, it sentenced petitioner to 60 months, consistently with the plea agreement as construed. Obviously, that sentence required a downward departure below the then applicable guideline range, and the court did depart for reasons explained on the record, but basically to give effect to the plea agreement as petitioner could reasonably have construed it.

If the court were to grant petitioner's pending motion for resentencing, he would of course be entitled to the same benefit under his plea agreement - a sentence to imprisonment at the low end of the applicable guideline range or the statutory mandatory minimum, whichever is lower.[1] Under the applicable guideline

---

[1] The statutory mandatory minimum will always be "lower" when compared to the otherwise applicable guideline range under such an agreement because the applicable guideline range cannot

3

range recalculated in light of Amendment 516, and taking into account § 5G1.1(c), the low end is 60 months, which is identical to the statutory mandatory minimum.  Therefore, petitioner's sentence is as lenient as he is entitled to claim under both the new guideline range recalculated in light of Amendment 516, and under the terms of his plea agreement pursuant to Rule 11(e)(1)(c).

For those reasons, petitioner's motion for resentencing is denied.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

December 18, 1996

cc:  Gary V. Milano, AUSA
     United States Marshal
     United States Probation
     John Shelzi

---

fall below a statutorily mandated minimum term.  U.S.S.G. § 5G1.1(c)(2).